**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANTS:

**LOREN J. COMSTOCK**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES:

**MIRIAM A. RICH**
**DONALD B. KITE, SR.**
Gonzalez Saggio & Harlan, LLP
Indianapolis, Indiana

FILED

Jan 20 2012, 9:24 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| PATRICIA MOWERY and HAROLD R. MOWERY, JR., | ) ) ) | |
| Appellants-Plaintiffs, | ) ) | |
| vs. | ) ) | No. 49A05-1103-CT-142 |
| ARRON L. HOFMEISTER, Individually and as Employee/Agent of MARATHON PETROLEUM CO., LP, and MARATHON PETROLEUM CO., LP, | ) ) ) ) ) ) | |
| Appellees-Defendants. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Heather A. Welch, Judge
Cause No. 49D12-0908-CT-38874

**January 20, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Patricia J. Mowery ("Mowery") and her husband, Harold R. Mowery, Jr., appeal from the jury's verdict in favor of Arron L. Hofmeister ("Hofmeister"), individually, and as an employee/agent of Marathon Petroleum Company LP, and Marathon Petroleum Company LP ("Marathon"), in their action for damages from a collision. Mowery presents two issues for our review, which we combine and restate as follows: Whether the trial court abused its discretion by failing to set aside the verdict, *sua sponte*, because there was insufficient evidence to support the jury's verdict.

We affirm.

**FACTS AND PROCEDURAL HISTORY**

At approximately 1:00 a.m. on Friday, July 24, 2009, Mowery was driving home from work. As she traveled through the intersection of Southeastern Avenue and Arlington Avenue, her vehicle collided with the tractor and fuel hauler being operated by Hofmeister, who was making a fuel delivery on behalf of Marathon to a Speedway gas station located near that intersection. Hofmeister had slowed to a stop at the stoplight at the intersection. In order to safely make the right turn, he positioned his truck so that it straddled the right turn lane and the through lane, and his turn signal indicated a right turn. Hofmeister's truck proceeded to make the turn with Mowery's vehicle approaching from behind and to the side of Hofmeister's truck, also turning right. The collision that ensued caused the left tire on Mowery's SUV to pop and the fender to be pulled off. After consulting with doctors, Mowery had neck surgery to relieve the neck pain she experienced after the collision.

Mowery filed a complaint for damages against Hofmeister and Marathon. At the

2

conclusion of the jury trial, a defense verdict was entered. Mowery now appeals. Additional facts will be supplied as necessary.

## DISCUSSION AND DECISION

"In bringing a negligence action the burden of proving negligence is upon the plaintiff." *Plan-Tec, Inc. v. Wiggins*, 443 N.E.2d 1212, 1218 (Ind. Ct. App. 1983). To prevail on a negligence claim, the plaintiff's evidence must be sufficient to demonstrate the existence of all the elements of the cause of action. *Id*. Because Mowery had the burden of proof at trial, she appeals from a negative judgment. *Daugherty v. Ritter*, 646 N.E.2d 66, 67 (Ind. Ct. App. 1995). "A party appealing from a negative judgment must show that the evidence points unerringly to a conclusion different from that reached by the trier of fact." *Id*. Upon review, we will reverse a negative judgment only where the decision is contrary to law that is, when we have determined that the undisputed evidence and all reasonable inferences to be drawn therefrom lead to but one conclusion and the trier of fact has reached a different one. *Id*.

Mowery claims that although the trial court correctly instructed the jury on the issues of modified comparative fault and proper lookout, the jury either failed to follow those instructions or did not understand them. In this freestanding claim of insufficient evidence, Mowery contends that the jury's verdict should be overturned because it was not supported by sufficient evidence. Mowery has failed to preserve this issue for our review, however, as we explain below, because Mowery did not first pursue a motion for judgment on the evidence or a motion to correct error at trial.

3

In *Henri v. Curto*, 908 N.E.2d 196 (Ind. 2009), our Supreme Court addressed whether a claim of insufficient evidence in a civil case could be raised for the first time on appeal. The court harmonized the requirements of Indiana Trial Rule 59(A) with Indiana Trial Rules 50(A)(4) and 59(J). Trial Rule 50 "permits a party to seek withdrawal of an issue from the jury and [the entry of] judgment in favor of the moving party where 'all or some of the issues in a case tried before a jury or an advisory jury are not supported by sufficient evidence or a verdict thereon is clearly erroneous as contrary to the evidence because the evidence is insufficient to support it.'" *Id*. at 206. Trial Rule 50(A)(4) allows a party to move for a judgment on the evidence via a motion to correct error. Our Supreme Court made the following observation and held:

> Except for matters that fall under Rule 59A(A)(1) and (2), a motion to correct error is not a mandatory prerequisite for appeal. But in declaring that all other issues may be presented initially on appeal, 59(A) explicitly requires that they have been "appropriately preserved during trial." . . . A strict, literal application of the qualifying phrase "appropriately preserved *during trial*" in Rule 59(A) would preclude a party from presenting an appellate challenge of insufficient evidence despite the party having raised the issue with the trial court in a motion for judgment on the evidence through a motion to correct error, as authorized by Rule 50(A)(4), or arguably even if the party filed a motion for judgment on the evidence post-verdict but before the entry of judgment, as permitted by Rule 50(A)(3). We decline to employ this construction. Rather, to harmonize Rule 59(A) with Rules 50(A)(4) and 59 (J), both of which contemplate a claim of insufficient evidence being presented in a motion to correct error, we hold that such a claim is "appropriately preserved during trial" if it is properly asserted in a motion for judgment on the evidence filed either before the case is submitted to the jury, after submission and before judgment is entered on the verdict, or in a motion to correct error. We intend the phrase "during trial" to require that a claim of insufficient evidence must be preserved by proper presentation to the trial court. Such a challenge may not be initially raised on appeal in civil cases if not previously preserved in the trial court by either a motion for judgment on the evidence filed before judgment or in a motion to correct error.

*Id*. at 208.

Mowery did not file a motion for judgment on the evidence or a motion to correct error with the trial court. Thus, we do not reach the freestanding issue of the sufficiency of the evidence because it is not properly before us.

Mowery also asserts that the trial court abused its discretion by failing to set aside the verdict, *sua sponte*. Indiana Trial Rule 50(A)(6) provides that a trial court, on its own motion, may enter a judgment on the evidence before final judgment, or before the filing of a notice of appeal, or prior to ruling on a motion to correct error. Trial Rule 50(A) states that the trial court shall withdraw issues from the jury where the issues are not supported by sufficient evidence, or the verdict is clearly erroneous as contrary to the evidence. In this case, the jury returned a defense verdict. No evidence was required for the jury to determine that Hofmeister was not at fault, and Mowery has failed to show that the jury verdict was clearly erroneous. The trial court did not abuse its discretion by failing to set aside the verdict.

Affirmed.

BARNES, J., and BRADFORD, J., concur.